IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY CLARK, | ) |
| Plaintiff, | ) |
| vs. | ) 2:23-cv-00755-RJC |
| UNITED STATES STEEL CORPORATION, | ) Judge Robert J. Colville |
| Defendant. | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is the Motion for Summary Judgment (ECF No. 34) filed by Defendant United States Steel Corporation. Defendant seeks summary judgment on all remaining claims set forth in the Complaint (ECF No. 1-1) filed by Plaintiff Jeffrey Clark. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. Defendant's Motion has been fully briefed and is ripe for disposition.

**I.   Factual Background & Procedural History**

Unless otherwise noted, the following facts are not in dispute:

From October of 2000 until December of 2021, Plaintiff was employed by Defendant as a utility technician. ECF No. 1-1 ¶ 16–17; ECF No. 35 at 2; *see also generally* ECF No. 1-1; ECF No. 36; ECF No. 40. On November 15, 2021, Plaintiff engaged in a verbal exchange with a co-worker. ECF No. 1-1 ¶ 20; ECF No. 35 at 2. After the exchange, Plaintiff's crew leader told Plaintiff and the co-worker to report to the foreman. ECF No. 1-1 ¶ 21; ECF No. 35 at 2. At the meeting with the foreman, Plaintiff and his co-worker were informed that, because of the nature

of the altercation, they would have to undergo a drug test. ECF No. 1-1 ¶ 24. Plaintiff and his co-worker were then escorted to the location of the drug test. ECF No. 1-1 ¶ 26. Plaintiff alleges that on his way to drug testing, Plaintiff informed a union representative that he would likely test positive for THC, as he consumed marijuana for medicinal purposes with a valid prescription and license to do so, ECF No. 1-1 ¶ 27, and that during drug testing, Plaintiff also advised the nurse administering the test that he would likely test positive for THC. ECF No. 1-1 ¶ 29. Plaintiff consumes medical marijuana to treat his anxiety disorder, mild recurrent depression, and bipolar two disorder. ECF No. 40 ¶ 78; ECF No. 42 ¶ 78; ECF No. 1-1 at 5; ECF No. 38 at 2.

Plaintiff's test result returned "non-negative." ECF No. 35 at 2; ECF No. 36 ¶ 25; ECF No. 40 ¶ 25. After testing, a member of Defendant's security personnel informed Plaintiff that security would have to inspect Plaintiff's locker and car, and that Plaintiff was not permitted to remove his car from the parking lot because he was not technically allowed on the property. ECF No. 1-1 ¶ 31. Plaintiff called his wife from the locker room and told her to move the car from Defendant's parking lot. ECF No. 36 ¶ 36; ECF No. 40 ¶ 36. At this point, Defendant claims that Plaintiff left the premises without permission, while Plaintiff claims the security official informed him how to go to the Union Hall while avoiding work property, as he was no longer allowed on the property. ECF No. 35 at 2; ECF No. 1-1 ¶ 33.

Upon arrival at the Union Hall, Plaintiff and union representatives protested to the security official searching Plaintiff's car. ECF No. 35 at 2; ECF No. 1-1 ¶ 34–36. Plaintiff, security, and union representatives then went to the parking lot to find that Plaintiff's vehicle was no longer parked there, as Plaintiff's wife had removed it. ECF No. 35 at 2; ECF No. 1-1 ¶ 39.

The next day, Plaintiff received written notice from Defendant's from the labor relations representative, Patrick Sowerby, stating that Plaintiff was being placed under a 5-day unpaid work

suspension. ECF No. 35 at 3; ECF No. 1-1 ¶ 42. The day after the suspension notice, Plaintiff claims he received a phone call from a doctor informing Plaintiff that he was investigating the validity and authenticity of Plaintiff's medical marijuana license, and Plaintiff provided the doctor with the information he requested. ECF No. 1-1 ¶ 45.

The day after the phone call with the doctor, Plaintiff was cleared to return to work. ECF No. 1-1 ¶ 47. However, the next day, Plaintiff received another 5-day unpaid work suspension for "Leaving Company Property Without Permission" and another for "Failure to Comply With Security Instruction," both for the events of November 15, 2021. ECF No. 35 at 3; ECF No. 1-1 ¶ 48–49.

Mr. Sowerby reviewed the record related to Plaintiff's workplace issues, including the recorded audio of Plaintiff's altercation with his co-worker, written reports, Plaintiff's drug test results, and the camera footage of Plaintiff's car being removed from the parking lot, and determined that Plaintiff should be dismissed. ECF No. 36 ¶ 49–56; ECF No. 40 ¶ 49–56. In December 2021, Defendant terminated Plaintiff's employment. ECF No. 1-1 ¶ 55. At the time of this decision, Mr. Lowery was not aware that Plaintiff had a medical marijuana card or any underlying health concerns for which marijuana was prescribed to Plaintiff. ECF No. 36 ¶ 62; ECF No. 40 ¶ 62.

On March 17, 2023, Plaintiff filed his Complaint with the Court of Common Pleas of Allegheny County, bringing claims for Unlawful Termination under the Pennsylvania Medical Marijuana Act, Unlawful Termination under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), Failure to Accommodate under the ADA and PHRA, and Unlawful Termination under Title VII. Defendant timely removed to this Court on May 8, 2023. On August 4, 2024, following a case management conference, the Court ordered a

discovery schedule, and the parties subsequently conducted discovery, including depositions and exchange of documents. ECF No. 18; ECF No. 27. On November 1, 2023, the parties participated in mediation, which was not successful. ECF No. 22. On May 10, 2024, the parties submitted a joint Stipulation of Dismissal (ECF No. 32) respecting the Title VII claim, which the Court granted. ECF No. 33. On May 31, 2024, Defendant filed a Motion for Summary Judgment (ECF No. 34) along with a Brief in Support (ECF No. 35) and a Concise Statement of Material Facts (ECF No. 36), arguing that no issue of material facts remains and that Defendant is entitled to judgment as a matter of law. On July 1, 2024, Plaintiff filed a Brief in Opposition (ECF No. 38) and a Response to Defendant's Concise Statement of Material Facts (ECF No. 40). On July 17, 2024, Defendant filed a Response to Plaintiff's Concise Statement of Material Facts (ECF No. 42) and a Reply Brief (ECF No. 41).

## II.     Legal Standard

Summary judgment may be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

"The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact." *Bavone v. Primal Vantage Co., Inc.*, No. 2:21cv1260, 2024 WL 756815, at *1 (W.D. Pa. Feb. 21, 2024). When the moving party carries their burden,

the summary judgment "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Further:

> A non-moving party may not successfully oppose a summary judgment motion by resting upon mere allegations or denials contained in the pleadings, or by simply reiterating those allegations or denials in an affidavit. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Rather, the non-moving party must offer specific evidence found in the record that contradicts the evidence presented by the movant and indicates that there remain relevant factual disputes that must be resolved at trial. *See id*. If the non-moving party does not respond in this manner, the court, when appropriate, shall grant summary judgment. Fed.R.Civ.P. 56(e).

*Mahaven v. Pulaski Twp.*, 139 F. Supp. 2d 663, 664–65 (W.D. Pa. 2001), *aff'd*, 45 F. App'x 155 (3d Cir. 2002); *see also Bavone*, 2024 WL 756815, at *1 ("Likewise, mere conjecture or speculation by the party resisting summary judgment will not provide a basis upon which to deny the motion.").

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).

The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

### III.  Discussion

**A. Unlawful Termination Under the Americans with Disabilities Act**

Defendant moves for summary judgment on Plaintiff's 42 U.S.C. § 1201 claim, arguing that persons terminated for medical marijuana use are not qualified individuals under the ADA. Plaintiff argues that he is a qualified individual, and marijuana prescription and his underlying condition for which he was prescribed marijuana were the basis for Defendant's alleged discrimination.

Under the ADA, an employer is prohibited from discriminating against an employee based on disability. 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination, a plaintiff must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). Once a plaintiff has established this prima facie case, the burden "shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 370 (3d Cir. 2008). If the defendant articulates a legitimate reason for the adverse employment action, the burden shifts again to the plaintiff to show that the legitimate reason is a pretext for discrimination. This is the burden shifting scheme established under *McDonnell Douglas Corp v. Green* for ADA claims. 411 U.S. 792 (1973). At summary judgment, if the first two steps of the burden shifting scheme have been met, the plaintiff bears the burden of meeting the final step of establishing pretext in order to survive summary judgment. *See, e.g., Zimmerman v. Health Network Laboratories, L.P.*, 2025 WL 457100 (E.D. Pa. Feb. 10, 2025); *see also Reynolds v. Willert Mfg. Co., LLC*, 567 F. Supp. 3d 553 (E.D. Pa. 2021).

A plaintiff is a "qualified individual" under the ADA if he has a disability and, "with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). This definition does not include a plaintiff "who is currently engaging in the illegal use of drugs, when the [defendant] acts on the basis of such use." 42 U.S.C. § 12114(a). "[M]edical marijuana 'is an illegal use of drugs for purposes of the ADA.'" *Zimmerman*, 2025 WL 457100, at *5 (also concluding that "employees properly prescribed marijuana in compliance with Pennsylvania law, who then experience adverse employment determinations based on that use, are not qualified individuals contemplated at 42 U.S.C. § 12101") (internal quotation marks omitted) (quoting *James v. City of Costa Mesa*, 700 F.3d 394, 405 (9th Cir. 2012)); *see also Drift v. Diamond Materials LLC*, 2023 WL 5321061, at *3 (D.N.J. Aug. 18, 2023) (finding that medical marijuana users are not qualified individuals under the ADA); *Lehenky v. Toshiba America Energy Sys. Corp.*, 2022 WL 523739, at *3 (E.D. Pa. 2022) aff'd, 2023 WL 3562981 (3d Cir. May 19, 2023).

In the instant case, Plaintiff alleges that "Defendant terminated Plaintiff's employment based on his status as a lawful user of medical marijuana." ECF No. 1-1 ¶ 76. Therefore, regarding the medical marijuana use, Plaintiff is not a qualified individual under the ADA, and cannot make a prima facie showing of discrimination. As such, the Court need not analyze the burden shift under *McDonnell Douglas*. 411 U.S. 792 (1973); *see also Zimmerman*, 2025 WL 457100, at *5 (finding that the *McDonnell Douglas* burden shift need not be analyzed at summary judgment for a plaintiff terminated based on medical marijuana use).

Plaintiff also claims that the underlying disability for which he was prescribed marijuana was another basis for his termination. ECF No. 38 at 7. The undisputed factual record shows that Plaintiff suffers from anxiety disorder, mild recurrent depression, and bipolar two disorder. ECF

No. 40 ¶ 78; ECF No. 42 ¶ 78; ECF No. 1-1 at 5; ECF No. 38 at 2.  As such, Plaintiff is a qualified person under the ADA.  Further, Plaintiff held the job without incident, and therefore shows that he is "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations."  *Gaul*, 134 F.3d at 580.  To satisfy the third prong of the *Gaul* test, Plaintiff points to the short proximity between when Defendant learned of his disability and his termination.

However, as Defendant points out, the factual record does not show that Defendant was aware of Plaintiff's medical condition at the time that the adverse action was taken.  In fact, Plaintiff agrees that the person who made the decision to terminate his employment did not know about his medical marijuana card.  ECF No. 36 ¶ 62; ECF No. 40 ¶ 62.  In the Court's mind, a showing of awareness would be the most fundamental element of the "as a result" element needed for him to establish his prima facie case.  *See Alja-Iz v. United States V.I. Bd. of Educ.*, 625 Fed. App'x. 591, 593 (3d Cir. 2015) (dismissing the plaintiff's ADA claim when the plaintiff did not establish that the employer knew of the purported disability when it took an adverse action against him).  As such, the Court finds that Plaintiff has failed to establish his prima facie case.  Therefore, as to the claim for Unlawful Termination under the ADA, the Court will grant Defendant's Motion for Summary Judgment.

### B. Failure to Accommodate Under the Americans with Disabilities Act

Defendant moves for summary judgment on Plaintiff's Failure to Accommodate claim under the ADA, arguing that (1) because the facts do not indicate that Defendant knew of Plaintiff's disability, Defendant cannot be held liable for failure to accommodate, and (2) because Plaintiff failed to request an accommodation, Plaintiff has failed to plead facts sufficient to establish his prima facie case.

To prevail at trial on an accommodation claim under the ADA, a plaintiff must show that "(1) the employer knew about his disability; (2) [the plaintiff] requested accommodations or assistance for his disability; (3) the employer did not make a good faith effort to assist him in seeking accommodations; and (4) [the plaintiff] could have been reasonably accommodated but for the employer's lack of good faith." *Tourtellotte v. Eli Lily & Co.*, 636 F.App'x 831, 849 (3d Cir. 2016) (internal citations omitted); *see also Skerski v. Time Warner Cable Co.*, 257 F.3d 273 (3d Cir. 2001).

Here, once again, the Complaint suffers from a lack of evidence that Defendant was aware of Plaintiff's disability. *See* discussion *supra* Part III(A). Further, the uncontested factual record shows that Plaintiff did not request an accommodation. ECF No. 36-2 at 16. The only request for accommodation came after Plaintiff's termination. ECF No. 40-3 at 3 (Answer to Interrogatory No. 8). A former employer cannot be held liable for not re-hiring an employee who requests an accommodation without some showing that the termination of employment was a violation of some protected act. An accommodation request must be made "on the job," not after the fact. *See* E.E.O.C., *Revised Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*, 3 E.E.O.C. Notice 915.002 (Oct. 17, 2002), 2002 WL 31994335, at *25 (noting that "reasonable accommodation is always prospective"); *see also Schneider v. Shah*, 507 F. App'x 132 (3d Cir. 2012) (finding that the plaintiff was required to request an accommodation prior to a negative outcome due to lack of accommodation). Accordingly, the to the claim for Failure to Accommodate under the ADA, the Court will grant Defendant's Motion for Summary Judgment.

### C. The Remaining Claims

Plaintiff's remaining claims are brought under Pennsylvania state law. "Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 102 S. Ct. 2099, 2104 (1982). A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.A. § 1367(c)(3). The Third Circuit Court has found that when all federal claims are dismissed prior trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir.2000) (citations omitted). In this case, those considerations counsel against this Court deciding the remaining state law claims, and the Court will decline to do so.

## IV.  Conclusion

For the reasons discussed above, as to the federal law claims, the Court will grant Defendant's Motion for Summary Judgment. The state law claims will be dismissed without prejudice to allow Plaintiff to refile in state court. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 28, 2025

cc: All counsel of record